**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AAA WHEELCHAIR WAGON SERVICE, INC., a Florida corporation,

Case No. **09-CV-61482-Seitz-O'Sullivan**

Plaintiff,

FILED by VT D.C.
ELECTRONIC
**Sept. 18, 2009**
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

v.

BROWARD COUNTY, FLORIDA, by and through its Board of County Commissioners,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, AAA WHEELCHAIR WAGON SERVICE, INC. ("AAA"), by and through its undersigned counsel, hereby sues Defendant, BROWARD COUNTY, FLORIDA (the "County"), a political subdivision of the State of Florida, and, for each count of the complaint, states as follows:

**INTRODUCTION**

1. This is an action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 challenging the constitutionality of a recent amendment to the Broward County Procurement Code which mandates that any bidder who wishes to appeal a County procurement decision post an appeal bond equal to one percent (1%) of the estimated contract price, which, in this case, is in excess of $55 million, and then forfeit such bond to the County if the appeal is unsuccessful.

2. The amendment at issue is Resolution No. 2009-316, enacted by the Broward County Board of County Commissioners (the "County Commission") on April 28, 2009. (A copy of Resolution No. 2009-316 is attached hereto as Exhibit "A"). Resolution No. 2009-316 dramatically altered the landscape for administratively appealing a County procurement decision

under Section 21.120 of the Procurement Code, making it both cost-prohibitive and punitive for unsuccessful bidders. Among other things, Resolution No. 2009-316 amended Section 21.120 of the Procurement Code by increasing the amount of the required appeal bond from $800.00 (the previous figure) to an amount "equal to one percent (1%) of the estimated contract amount." (Ex. A, at p. 13). In that regard, Resolution 2009-316 amended Section 21.120.a.3 as follows:

> Any appeal of the Director's determination concerning a protested solicitation or proposed award must be accompanied by an appeal bond in a form prescribed by the Director in . . . an amount equal to one percent (1%) of the estimated contract amount as defined in Subsection 21.118.a.5 of the Code, or $2,500 for a protest resulting from a RLI. . . . In the case of a RLI, the appeal bond shall be in the amount of $2,500. . . The failure to post and maintain the required appeal bond shall cause the immediate dismissal of the appeal.

(Ex. A, at p. 13). Since most public procurements in Broward County are multi-million dollar contracts, the typical appeal bond under this new regulatory scheme will easily start in the hundreds of thousands of dollars (and, in some cases, exceed $1 million), an amount grossly disproportionate to any administrative costs actually borne by the County in deciding the appeal.

3. Further, as the underscored language above reveals, Requests for Letters of Interest ("RLIs"), a comparable method for procuring goods and services, are expressly excluded from the new "1% requirement." Prior to being amended by Resolution No. 2009-316, Section 21.120.a.3 required an appeal bond in the amount of $800.00 regardless of the nature of the underlying procurement. Therefore, Resolution No. 2009-316 creates an impermissible classification scheme among comparable forms of public procurement without any rational basis.

4. In addition, Resolution No. 2009-316 penalizes those bidders who wish to exercise their right to file an administrative appeal by requiring them to forfeit their bond to the County if their appeal is denied. In that regard, Resolution No. 2009-316 amended Section

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

21.120.a.7 of the Procurement Code by eliminating the Hearing Officer's discretion to award the costs of the appeal to the prevailing party under the standards enunciated in Section 57.105, Florida Statutes, and, instead, mandating the forfeiture of the bond if the hearing officer denies the appeal. In that regard, Resolution No. 2009-316 amends Section 21.120.a.7 as follows:

> . . . The appeal bond required by this subsection shall be conditioned upon the forfeiture of the entire amount of the appeal bond if the hearing officer denies the appeal. If the hearing officer grants the appeal, the appeal bond shall be returned.

(Ex. A, at p. 14). In other words, if a disappointed bidder wishes to appeal the Purchasing Director's decision to the "hearing officer" (who is hired and paid by the County), it has to post 1% of the "estimated contract amount" (which, in this case, was over $55 million) as an appeal bond, and then risk forfeiting that appeal bond in its entirety to the County if the County's hearing officer (as opposed to an impartial judge) upholds the County's recommended award.

5. Such a regulatory scheme provides a strong disincentive for unsuccessful bidders to exercise their right of appeal under the Procurement Code because of the exorbitant amount of the required appeal bond and the strong likelihood that the bond will be forfeited to the County, particularly since the appeal will be decided by a hearing officer retained by the County. This is evident in the instant case where AAA, a qualified and responsive bidder for a proposed contract to provide transportation services to the elderly and the disabled (and which is already providing such services to the County), has been notified by the County that it will not entertain AAA's administrative appeal of the County's procurement decision unless it first posts an appeal bond in the amount of $555,818.07, which would be forfeited if the appeal were unsuccessful.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

6. Thus, as seen in the instant case, the deleterious effect of Resolution No. 2009-316 is two-fold: (a) it will greatly limit the number of administrative appeals, making the "right to appeal" under the Procurement Code a hollow remedy (and one "in name" only); and (b) it will insulate the County from future lawsuits challenging its procurement decisions because of the failure to exhaust administrative remedies. Under the Procurement Code, a disappointed bidder cannot sue the County in state court without first having pursued an administrative appeal with the County's hearing officer. Thus, by making an administrative appeal so cost-prohibitive (both in the amount of the bond and the risk of forfeiture), the County is denying unsuccessful bidders, such as AAA, reasonable and meaningful access to the Courts in violation of the First, Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Florida Constitution. In addition, the new forfeiture provision constitutes an excessive penalty, in violation of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the Florida Constitution. Accordingly, Resolution No. 2009-316 should be declared unconstitutional both on its face and as applied in the instant context, and the County should be ordered to accept AAA's recent appeal backed by an $800.00 appeal bond.

**JURISDICTION AND VENUE**

7. This Court's subject matter jurisdiction arises from the fact that this is an action brought pursuant to the United States Constitution and 42 U.S.C. § 1983, with such jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1343(3), and generally conferred in accordance with 28 U.S.C. § 1331(a). This Court has supplemental jurisdiction over all other claims, including the state law claims, in accordance with the provisions of 28 U.S.C. § 1367.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

8. Venue for this action is properly within this judicial district pursuant to 28 U.S.C. § 1391(b), as the Defendant resides within the Southern District of Florida and a substantial part of the events or omissions giving rise to this action occurred within such jurisdiction.

9. Plaintiff demands a trial by jury on each and every one of its claims as pled herein.

10. All conditions precedent to the initiation and maintenance of this action have been performed or have occurred.

**THE PARTIES**

11. Plaintiff AAA WHEELCHAIR SERVICE WAGON, INC. ("AAA") is a corporation organized under the laws of Florida, with its principal place of business in Broward County, Florida. AAA provides medical transport services, including ADA paratransit services, to various municipalities in South Florida. In fact, it is already an existing provider of paratransit services to the County. AAA has standing to challenge the constitutionality of Resolution No. 2009-316 (which amended Section 21.120 of the Procurement Code in several material respects) because it was an unsuccessful bidder for the procurement at issue and has had its administrative appeal rejected by the County as a result of the application of Resolution No. 2009-316.

12. Defendant BROWARD COUNTY, FLORIDA (the "County"), is a county created and existing under the statutes and laws of the State of Florida, and exercising powers delegated to it by the statutes and laws of the State of Florida. Under Florida law, the County (through its Board of County Commissioners) has the power to sue and to be sued. *See* Fla. Stat. § 125.15.

## FACTS COMMON TO ALL COUNTS

### A. The Invitation for Bids ("IFB")

13. Pursuant to the authority granted by the Broward County Code of Ordinances, the County has created rules and regulations within its Administrative Code known as the Procurement Code of Broward County (the "Procurement Code").

14. For procurements of professional services and other unspecified goods or services, the County may, from time to time, issue "invitations to bid" (IFB). An IFB is an invitation to potential suppliers (*i.e.*, vendors) to bid on goods or services to be purchased by the County. It is similar to other forms of procurement, such as requests for proposals (commonly referred to as "RFPs") and requests for letters of interest (commonly referred to as "RLIs").

15. On May 26, 2009, the County advertised its Invitation for Bid No. V0696801B1 (the "IFB"), for Paratransit Transportation Services.[1] (A copy of the IFB is attached hereto as Exhibit "B"). The IFB specifically set forth the requirements for the bidding process. Among other things, the bidder was required to have experience in the delivery of Americans with Disabilities Act ("ADA") Paratransit Demand Response Service, and must also have two years experience within the State of Florida or five years experience within the United States. (Ex. B, at p. 8). Further, the IFB provides that only vendors who can offer and maintain the highest service delivery standards and quality will be considered. (*Id.*). Bidders were also required to complete all required attachments to the IFB, including tables and bid pricing sheets, operational

[1] "Paratransit services" are special public transportation options for senior citizens and persons with disabilities. Many city and county governments have implemented, and continuing to enhance, paratransit services for their residents based upon the Americans with Disabilities Act (ADA) of 1990. These services are intended to provide disabled residents, with no other means of transit, safe and reliable transportation to doctors' appointments, grocery shopping and other basic necessities of life.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

plan, training, monitoring, and contract compliance assurance, as well as provision for system safety, vehicles, maintenance, insurance, emergency preparedness, and accident history. (*Id.*).

16. As set forth in the IFB, the County specified that it intended to award contracts to between three (3) and six (6) vendors. (*Id.*). No one vendor would be awarded more than forty-five (45%) percent of the total trips, with the remainder of the trips being awarded to the other vendors until one hundred percent (100%) has been awarded. (*Id.*). Thus, the IFB contemplated multiple contract awards--to no less than three different vendors, and to as many as six vendors.

17. Twenty-four (24) bids were received by the County in response to the IFB, including a bid submitted by AAA. AAA's bid conformed in all material respects to the IFB, and AAA was otherwise a responsive and responsible bidder pursuant to the terms thereof.

18. On June 10, 2009, the County held a Pre-Bid Conference to review the IFB document and to assist potential bidders in understanding the scope of the contract. During the Pre-Bid Conference, County staff discussed the specific IFB requirements and reviewed the submittal documentation. Subsequently, the County issued addenda in order to respond to questions posed during the Pre-Bid Conference and to effect changes to the terms of the IFB.

19. On July 15, 2009, the IFB submissions were opened and County staff reviewed the twenty-four (24) bids received.

20. On August 6, 2009, the County's Purchasing Division recommended that contracts to provide paratransit transportation services to the County be awarded to the following bidders: (a) Lucanus Development Center; (b) Tender Loving Care Transportation Services, Inc.; (c) Allied Medical Transport; (d) Medex Transportation, Inc.; and (e) Support Management, Inc. Plaintiff was <u>not</u> awarded one of the contracts despite the fact that its bid was superior to those

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

submitted by each of the aforementioned successful bidders. In making its decision to award the contract, the County accorded undue weight to the "hourly rates" proposed by the bidders instead of performing a qualitative analysis of their responsiveness, responsibility and ability to perform the contract. Had the County applied such an analysis, which is required by the terms of the IFB, Plaintiff should have been awarded one of the five (5) contracts, a conclusion underscored by the fact that Plaintiff is already providing paratransit transportation services on behalf of the County.

**B. <u>The Bid Protest</u>**

21. Section 21.118(a) of the Procurement Code provides a formal mechanism for protesting the Purchasing Division's recommendation to award the contract to another bidder or bidders. Pursuant to Section 21.118(a), "[a]ny actual or prospective bidder or offeror who has a substantial interest in and is aggrieved in connection with the solicitation or proposed award of a contract which is in excess of the award authority of the Director of Purchasing may protest to the Director of Purchasing." (Procurement Code, § 21.118(a)). Such a protest must be filed within seven (7) calendar days of the proposed award in order to be timely. (*Id.*, § 21.118(a)(2)).

22. Plaintiff had and has standing to appeal the Purchasing Division's recommended award pursuant to Section 21.118(a) because, despite being a responsive and responsible bidder which complied in all material respects with the requirements of the IFB, Plaintiff was not awarded one of the five contracts to provide paratransit transportation services even though its bid was clearly superior to the bids submitted by the five companies recommended for the award.

23. On August 13, 2009, Plaintiff filed its bid protest ("Protest") in accordance with Section 21.118(a). (A copy of Plaintiff's Bid Protest letter is attached hereto as Exhibit "C"). Specifically, the Protest contended that the County focused solely on *pricing* (*i.e.*, hourly rates),

without conducting a full review of the responsiveness, responsibility and ability to perform of the respective bidders, and that this single-minded focus reflected a failure to adhere to the requirements of the IFB and the Procurement Code, as well a complete disregard for the public policy aspects of the County's paratransit program. (Bid Protest, at p. 2). Further, the Protest asserted that the County's failure to fully evaluate and document the findings of responsiveness and responsibility, and the limited qualitative evaluation of the bids, highlighted the need for the County to rescind the IFB itself, and advertise a Request for Letters of Interest. (*Id.*).

24. On August 31, 2009, the Protest was denied by the Broward County Purchasing Director. (A copy of the Purchasing Director's letter is attached hereto as Exhibit "D"). The Purchasing Director's August 31st letter stated that she had "reviewed the County's solicitation process, the IFB requirements, the County's Procurement Code, AAA's bid submittal and all other applicable documentation" and that, based upon the foregoing, it was her "determination that the protest [filed by AAA] does not have merit. Therefore, pursuant to Section 21.118 of the Broward County Procurement Code, this protest is denied." (Ex. D, at p. 4)

**C. <u>The County's Refusal to Entertain AAA's Appeal</u>**

25. The Procurement Code also provides disappointed bidders with a right to appeal the Purchasing Director's determination. Pursuant to Section 21.120.a.1 of the Broward County Procurement Code [entitled "*Right of Appeal*"], "[a]ny person having a substantial interest in the matter who is dissatisfied or aggrieved with the notification of the Director of Purchasing's determination regarding the resolution of a protested solicitation or proposed award . . . must, within ten (10) calendar days of such notification, appeal said determination to the County in accordance with the hearing procedures contained in Subsection 21.118 of this Code. . . ."

26.    Section 21.120.a.1 of the Procurement Code further states that "[a]ll requirements and restrictions of Section 21.118 apply to appeals filed pursuant to this Subsection 21.120.a.1." (Procurement Code, § 21.120.a.1).  One of the "requirements and restrictions" of Section 21.118 which apply to administrative appeals is the requirement that the unsuccessful bidder exhaust its administrative remedies before filing a civil suit against the County challenging the award.  (*Id.*, § 21.118(f) ["[t]he institution and filing of a protest under this Code is an administrative remedy that should be employed prior to the institution and filing of any civil action against the County concerning the subject matter of the protest."]).  Thus, a disappointed bidder cannot sue the County in state court without first having its administrative appeal heard by the County.

27.    Before any appeal may be considered, however, the unsuccessful bidder must file an appeal bond with the County.  Prior to being amended by Resolution No. 2009-316, Section 21.120.a.3 required an appeal bond in the amount of $800.00 regardless of the nature of the underlying procurement. (*See* Former Section 21.120.a.3 of the Procurement Code, attached hereto as Exhibit "E" ["Any appeal of the Director's determination concerning a protested solicitation or proposed award must be accompanied by an appeal bond prescribed by the Director in the amount of $800."]).  However, as a result of the recent amendment to Section 21.120.a (which is being challenged herein), the required appeal bond has been increased to an amount "equal to one percent (1%) of the estimated contract amount," which bond would then be forfeited if the appeal is unsuccessful. (*See infra*, at pp. 1-4 and Ex. "A" hereto, at pp. 12-14).

28.    Plaintiff had and has standing to administratively appeal the Purchasing Director's denial of its bid protest pursuant to Section 21.120.a because it was dissatisfied with the

Purchasing Director's determination regarding the resolution of the proposed award, and believes that its bid was superior in all material respects to the bids submitted by the successful bidders.

29.    On September 9, 2009, Plaintiff appealed the Purchasing Director's decision by submitting a letter entitled "APPEAL OF PURCHASING DIRECTOR DETERMINATION" to the Purchasing Director, together with an appeal bond in the amount of $800, which was the amount specified in Section 21.120 *prior to* the County's adoption of Resolution No. 2009-316. (A copy of Plaintiff's appeal letter is attached hereto as Exhibit "F"). In its appeal, Plaintiff explained that it was tendering an $800.00 bond, and not "1% of the estimated contract amount" (as provided for in Resolution No. 2009-316) because the Resolution is unconstitutional under the First, Fifth and Fourteenth Amendments of the United States Constitution (and the similar provisions of the Florida Constitution) because it denies AAA reasonable and meaningful access to the courts and constitutes a "taking" of its property without due process of law.  (Ex. E, p. 1).

30.    On September 11, 2009, the County sent a letter to Plaintiff's legal representative, stating that it "has not received the requisite [appeal] bond from your firm."  (A copy of the County's letter is attached hereto as Exhibit "G"). The County explained that, under the *current* version of the Procurement Code (as amended by Resolution 2009-316), an appeal bond "equal to one percent (1%) of the estimated contract amount" was required to be filed with the appeal. (Ex. F, at p.1).  The County's letter further stated that "[b]ased upon the prices submitted by AAA . . . for the various trip types and its bid to obtain forty-five percent of the work over a five (5) year period, the estimated contract amount equates to $55,581,807.38.  Consequently, one percent (1% of that amount is $555,818.07 and is the appeal bond amount."  (*Id.*).  The County even attached a spreadsheet that provides the formula for arriving at the $555,818.07 figure.

31. The County's letter warned Plaintiff's attorney that the appeal would be dismissed if a $555,818.07 appeal bond was not posted "by 5:00 p.m. on Monday, September 14, 2007":

> In order for your request for appeal to be considered timely, your firm has until 5:00 p.m. on Monday, September 14, 2009, to deliver to the Purchasing Division the requisite appeal bond in the amount of $555,818.07; one percent (1%) of the estimated contract amount based upon the contract amount submitted by the protestor and in compliance with all requirements as reflected in Section 21.120 of the Procurement Code. . . . Please be aware that if you do not appeal with the appeal bond requirements in a timely manner, your appeal will be dismissed pursuant to Section 120.120.a.2 which states in part that "[o]nly appeals that arte in writing and timely made by or on behalf of a person who has standing to maintain a protest under Florida case law and accompanied by an appeal bond as required by Subsection 21.120.a.3 shall be entitled to a decision by a hearing officer.

(*Id.*, at p. 2).

32. Plaintiff did not post the exorbitant $555,818.07 appeal bond by the County's self-imposed deadline, believing that the recent amendment to Section 21.120.a.3 (as reflected in Resolution No. 2009-316) is unconstitutional both on its face and "as applied" to the instant procurement in view of the amount of the required bond and the fact that it would be "forfeited" in its entirety if the hearing officer (who is paid by the County) upheld the County's decision.

33. On September 17, 2009, the County dismissed AAA's appeal for failure to post the $555,818.07 appeal bond by 5:00 P.M. on Monday, September 14, 2009. (A copy of the County's September 15, 2009 letter dismissing AAA's appeal is attached hereto as Exhibit "H").

34. Plaintiff has commenced this action challenging the constitutionality of the new appeal bond requirement, and has retained the undersigned attorneys to represent it in this matter and is obligated to pay its attorneys a reasonable fee for their services. Therefore, Plaintiff is

entitled to recover its reasonable attorneys' fees and costs from the Defendant County pursuant to 42 U.S.C. § 1988 and Section 57.041, Florida Statutes, or as otherwise allowed by law.

## COUNT I

(42 U.S.C. § 1983 – First Amendment)

35. Plaintiff repeats and realleges its allegations contained in Paragraphs 1 through 34 above as if fully set forth herein.

36. 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."

37. The First Amendment to the United States Constitution provides, in pertinent part, that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I.

38. The First Amendment right to petition the government for a redress of grievances includes a right of access to the courts. *See Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741, (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."). Indeed, the Supreme Court has described the right to petition as "among the most precious liberties safeguarded by the Bill of Rights." *Id.*

39. Meaningful access to the courts is a "fundamental" constitutional right.

40. The County is a "state actor" within the meaning of 42 U.S.C. § 1983.

41. Resolution No. 2009-316 is an officially promulgated policy of the County since the County Commission which adopted the Resolution has final policy-making authority for the County.

42. The County's enactment and application of Resolution No. 2009-316 deprives the Plaintiff of its constitutional right of access to the courts, in violation of the First Amendment.

43. The foregoing constitutional deprivation occurred under color of state law.

44. For this deprivation, the Plaintiff is entitled to appropriate relief under 42 U.S.C. § 1983.

**COUNT II**
(42 U.S.C. § 1983 – Due Process Clause)

45. Plaintiff repeats and realleges its allegations contained in Paragraphs 1-34, 36, and 39-41 above as if fully set forth herein.

46. The Federal Due Process Clause provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. V & XIV, § 1. This language has consistently been construed by the federal courts to mandate that all citizens shall enjoy free and open access to the courts of the United States in order to obtain redress for injury.

47. Although there is no constitutional right to an appeal, once a right to appeal has been established, the state's procedures must comport with the demands of due process. Once a state exercises its discretionary authority to provide its citizens with the right to obtain appellate review, each litigant must have a fair opportunity to a meaningful appeal on the merits. This is true because "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution--and, in particular, in accord with the Due Process Clause." *Evitts v. Lucey*, 469 U.S. 387, 401 (1985).

48. The County's enactment and application of Resolution No. 2009-316, which amended Section 21.120.a of the Procurement Code by: (a) conditioning the right to appeal on the filing of an appeal bond "equal to one percent (1%) of the estimated contract amount," and (b) providing for the forfeiture of that bond if the appeal is unsuccessful (a determination made

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

by a County official), has the effect of depriving Plaintiff of its constitutional right of reasonable access to the courts, in violation of the Fifth and Fourteenth Amendment Due Process Clauses.

49. The foregoing requirements are not narrowly tailored to serve a significant governmental interest. Nor are they reasonably related to any legitimate governmental interest.

50. The County's amended appeal bond requirements, being arbitrary, irrational and excessive in nature, also constitute a confiscation or "taking" of the Plaintiff's property without due process of law, in violation of the Fifth and Fourteenth Amendment Due Process Clauses.

51. The foregoing constitutional deprivations occurred under color of state law.

52. The County has thereby deprived the Plaintiff of its right to due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

53. For this deprivation, the Plaintiff is entitled to appropriate relief under 42 U.S.C. § 1983.

**COUNT III**
(42 U.S.C. § 1983 – Equal Protection Clause)

54. Plaintiff repeats and realleges its allegations contained in Paragraphs 1-34, 36, and 39-41 above as if fully set forth herein.

55. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

56. The Equal Protection Clause likewise protects and safeguards the right of access to the courts, and is implicated where, as in the case at bar, appellate rights are ceded to some litigants and not to others, based upon an impermissible classification. In other words, when a

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

right to appeal is established by a state actor, such right cannot be afforded to some litigants and arbitrarily or capriciously denied to others without violating the Equal Protection Clause.

57. By requiring an appeal bond equal to one percent (1%) of the estimated contract amount, which, here, would have required Plaintiff to post an appeal bond of $555,818.07, and then providing for the complete forfeiture of that bond if the appeal is unsuccessful, the County is essentially limiting appeals to those who can **afford** to post the required bond (and also have the financial wherewithal to withstand the forfeiture of such bond), and depriving an appellate remedy to those appellants who either **cannot afford** to forfeit the appeal bond or even post it in the first instance.

58. Further, by imposing such onerous requirements on IFB's, but not on RLI's, the County has also created an impermissible distinction between two similar types of procurements.

59. The foregoing distinctions (*i.e.* ability to pay; IFBs vs. RLIs) are arbitrary, capricious and without any rational basis, and are not narrowly tailored to serve a significant governmental interest. Nor are they reasonably related to any legitimate governmental interest.

60. By virtue of the foregoing, the County has created an unreasoned distinction that arbitrarily and irrationally impedes Plaintiff's access to the courts, particularly where, as here, the Procurement Code states that a judicial remedy cannot be sought until after an administrative appeal has been completed. Thus, by making an administrative appeal so cost-prohibitive to a prospective appellant, the County is effectively precluding any future lawsuits against it.

61. The County has thereby deprived the Plaintiff of its right to equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution.

62. The foregoing constitutional deprivation occurred under color of state law.

63. For this deprivation, the Plaintiff is entitled to appropriate relief under 42 U.S.C. § 1983.

**COUNT IV**
(42 U.S.C. § 1983 – Eighth Amendment)

64. Plaintiff repeats and realleges its allegations contained in Paragraphs 1-34, 36, 40 and 41above as if fully set forth herein.

65. The Eighth Amendment to the United States Constitution provides, in pertinent part, that "excessive bail shall not be required, **nor excessive fines** imposed . . ." (emphasis supplied). The "Excessive Fines" Clause of the Eighth Amendment applies to civil forfeitures.

66. Section 21.120.a.7 of the Procurement Code, as amended by Resolution No. 2009-316, provides for the complete forfeiture of an unsuccessful bidder's appeal bond if the appeal--decided by a hearing officer selected and paid directly by the County--is unsuccessful.

67. Because most public procurements in Broward County are multi-million dollar contracts (indeed, in the matter at bar, the estimated contract amount was in excess $55 million), the amount subject to automatic forfeiture in even a garden-variety procurement will easily exceed $100,000.00. Here, the amount subject to automatic forfeiture would be $555,818.07.

68. The amount subject to forfeiture does not bear any reasonable relationship to the "offense" involved giving rise to the forfeiture (*i.e.*, the denial of an appeal) or the costs actually borne by the County in resolving an administrative appeal of a County procurement decision.

69. The above-described forfeiture provision, which is triggered simply by the denial of an administrative appeal (even though it may be nonfrivolous), constitutes an excessive fine, in violation of the Eighth Amendment, and is not supported by any compelling state interest.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

70. For this deprivation, the Plaintiff is entitled to appropriate relief under 42 U.S.C. § 1983.

**COUNT V**
(Florida Const., Art. I, § 21)

71. Plaintiff repeats and realleges its allegations contained in Paragraphs 1 through 34 above as if fully set forth herein.

72. The Declaration of Rights embodied in the Florida Constitution enumerates the personal liberties guaranteed to every Floridian. It protects property rights, rewards for industry, due process and it expressly provides that "**[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay**." Art. I, § 21, Fla. Const (emphasis supplied). As with each of the liberties set forth in the Declaration of Rights, property rights, due process and access to the courts are considered fundamental rights.

73. The County's enactment and application of Resolution No. 2009-316, which amended Section 21.120.a of the Procurement Code by conditioning the right to appeal on the filing of an appeal bond "equal to one percent (1%) of the estimated contract amount" and by providing for the complete forfeiture of that bond if the appeal is unsuccessful (a determination made by a County official), has the effect of depriving the Plaintiff of its constitutional right of reasonable access to the courts, in violation of Article I, Section 21 of the Florida Constitution.

74. The right of access to the courts is implicated here because the Procurement Code states that the County's decision may not be judicially challenged until after an administrative appeal is completed. By making an administrative appeal so cost-prohibitive to a prospective appellant, the County is foreclosing a judicial remedy to disappointed bidders.

75. The foregoing requirements are not narrowly tailored to serve a compelling state interest.

76. The County has thereby deprived the Plaintiff of its right of access to the courts guaranteed by Article I, Section 21 of the Florida Constitution.

77. For this deprivation, the Plaintiff is entitled to appropriate relief under Florida law.

**COUNT VI**
(Fla. Const., Art. I, § 9)

78. Plaintiff repeats and realleges its allegations contained in Paragraphs 1-34 and 74 above as if fully set forth herein.

79. The Due Process Clause of the Florida Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law." Fla. Const., Art. I, § 9. Florida's Due Process Clause provides higher standards of protection than its federal counterpart.

80. Due process includes the right to reasonable and meaningful access to the courts.

81. The County's enactment and application of Resolution No. 2009-316, which amended Section 21.120.a of the Procurement Code by conditioning the right to appeal on the filing of an appeal bond "equal to one percent (1%) of the estimated contract amount" and by providing for the complete forfeiture of that bond if the appeal is unsuccessful (a determination made by a County hearing officer), has the effect of depriving the Plaintiff of its right of reasonable and meaningful access to the courts.

82. The above-described forfeiture provision, which results in the complete forfeiture of the bond due solely to the fact that the appeal is denied by the County (even though the appeal

may be nonfrivolous), also constitutes a confiscation or "taking" of the Plaintiff's property without due process of law, in violation of Article I, Section 9 of the Florida Constitution.

83. By virtue of the foregoing, the County has deprived the Plaintiff of its right to due process of law guaranteed by Article I, Section 9 of the Florida Constitution

84. For this deprivation, the Plaintiff is entitled to appropriate relief under Florida law.

**COUNT VII**
(Fla. Const., Art. I, § 17)

85. Plaintiff repeats and realleges its allegations contained in Paragraphs 1-34 and 68 above as if fully set forth herein.

86. Article I, Section 17 of the Florida Constitution provides that "[e]xcessive punishments . . . are forbidden." Fla. Const., Art. I, § 17.

87. Section 21.120.a.7 of the Procurement Code, as amended by Resolution No. 2009-316, provides for the complete forfeiture of an unsuccessful bidder's appeal bond if the appeal--decided by a hearing officer selected and paid directly by the County--is unsuccessful.

88. Because most public procurements in Broward County are multi-million dollar contracts (indeed, in the matter at bar, the estimated contract amount was in excess $55 million), the amount subject to automatic forfeiture in even a garden-variety procurement will easily exceed $100,000.00. Here, the amount subject to automatic forfeiture would be $555,818.07.

89. The above-described forfeiture provision, which is triggered simply by the denial of an administrative appeal (even though it may be nonfrivolous), constitutes an excessive punishment, in violation of Article I, Section 17 of the Florida Constitution, and is not supported by any compelling state interest.

90. For this deprivation, the Plaintiff is entitled to appropriate relief under Florida law.

**COUNT VIII**
(Declaratory Judgment – Invalidity of Resolution)

91. Plaintiff repeats and realleges its allegations contained in Paragraphs 1 through 34 above as if fully set forth herein.

92. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

93. There is a bona fide, actual, present and practical need for a declaration of the parties' rights as it pertains to the validity of Resolution No. 2009-316 insofar as it pertains to the revised appeal bond requirement of Section 21.120.a of the Procurement Code, and, in particular, to the requirement that a prospective appellant post an appeal bond equal to one percent (1%) of the estimated contract price, and that the bond be forfeited to the County in the event that the appeal is unsuccessful. Plaintiff contends that such provision, besides being unconstitutional, is also arbitrary, unreasonable and without substantial relation to the public safety, health, morals or general welfare of the public. The County believes otherwise, as evidenced by its recent rejection of Plaintiff's administrative appeal for non-payment of the demanded appeal bond.

94. Therefore, an actual controversy exists between the parties hereto as to whether and to what extent such provisions are enforceable.

95. Plaintiff has no adequate remedy at law.

**WHEREFORE,** the Plaintiff demands the following relief against the Defendant:

a. A declaration that the County's appeal bond requirement, as set forth in Section 21.120.a of the Procurement Code, and as amended by Resolution No. 2009-316, is unconstitutional on its face and as applied;

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

b. A declaration that the portion of Resolution No. 2009-316 amending the appeal bond requirement of Section 21.120.a of the Procurement Code is arbitrary, unreasonable and without substantial relation to the public safety, health, morals or general welfare of the public, and is, therefore, void and unenforceable;

c. The entry of a preliminary and permanent injunction; (a) prohibiting the County, and any its agencies, divisions, commissioners, officials, employees and servants, from, directly or indirectly, enforcing its amended appeal bond requirement (as reflected in Resolution No. 2009-316) against the Plaintiff, either by requiring Plaintiff to file an appeal bond equal to one percent (1%) of the estimated contract amount of the procurement at issue or by subjecting such bond to automatic forfeiture in the event that the administrative appeal filed by Plaintiff is denied by the County; (b) requiring the County, and its agencies, divisions, commissioners, officials, employees and servants, to accept, process and adjudicate on the merits the administrative appeal filed by Plaintiff with the County on September 9, 2009 and accompanied by an appeal bond in the amount of $800.00; and (c) prohibiting the County, and its agencies, divisions, commissioners, officials, employees and servants, from, directly or indirectly, awarding any contracts or conducting any negotiations with any bidder or vendor with respect to Bid No. V0696801B1.

d. Disbursements, costs and attorneys' fees, as authorized by statute; and

e. Such other and further relief as this Court may deem just and proper.

DATED this 18th day of September, 2009.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
3111 Stirling Road, P.O. Box 9057
Ft. Lauderdale, FL 33310-9057
(954) 987-7550, telephone
(954) 985-4176, facsimile
grosen@becker-poliakoff.com

By ______________________
Gary C. Rosen
Florida Bar No. 310107
Daniel L. Wallach
Florida Bar No. 540277

ACTIVE: 2688775_1

RESOLUTION NO. 2009-316

A RESOLUTION OF THE BOARD OF COUNTY COMMISSIONERS OF BROWARD COUNTY, FLORIDA, PERTAINING TO THE BROWARD COUNTY PROCUREMENT CODE; AMENDING SECTIONS 21.22, 21.23, 21.31, 21.84, 21.87, 21.118, 21.119, AND 21.120 OF THE BROWARD COUNTY ADMINISTRATIVE CODE, RELATING TO CONTRACT ADMINISTRATION, VENDOR PERFORMANCE, CONTRACT AWARD, SELECTION/EVALUATION COMMITTEES, LETTERS OF INTEREST, BID PROTESTS, VENDOR DEBARMENT AND SUSPENSIONS, HEARING PROCEDURE FOR DEBARMENT AND DETERMINATIONS OF THE DIRECTOR OF PURCHASING, AND STAY OF PROCUREMENTS DURING APPEAL; PROVIDING FOR SEVERABILITY; PROVIDING FOR INCLUSION IN THE BROWARD COUNTY ADMINISTRATIVE CODE; AND PROVIDING FOR AN EFFECTIVE DATE.

WHEREAS, the Board of County Commissioners of Broward County desires to amend the Procurement Code of Broward County; NOW, THEREFORE,

BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF BROWARD COUNTY, FLORIDA:

Section 1. Section 21.22 of Chapter 21 of the Broward County Administrative Code, the "Procurement Code of Broward County," is hereby amended to read as follows:

**21.22. Contract Administration.**

. . .

*d.* ~~*Protests*~~ *Complaints from Vendors.* Vendors who believe they have been unfairly treated during the contract administration process may file a complaint with the

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

Purchasing Director after appealing to the Department Director of the Contract Administrator. Complaints shall be submitted in writing to the Purchasing Director, stating the basis and facts of the ~~protest~~ complaint within seven (7) calendar days after the ~~aggrieved vendor knows or should have known the facts giving rise thereto~~ alleged unfair treatment. The Purchasing Director shall investigate ~~as far as resources allow~~ and determine the validity of the complaint.

1. If the complaint is not resolved by mutual agreement of the Director of Purchasing, the ~~c~~Contract ~~a~~Administrator, and the vendor, the Director of Purchasing shall promptly issue a decision in writing after consulting with the Office of the County Attorney. The decision shall state the reasons for the action taken.

2. A copy of this decision shall be mailed or otherwise furnished immediately to the complainant, the ~~c~~Contract ~~a~~Administrator, and any other party involved. ~~Appeals from such decision shall adhere to the requirements set forth in this Code.~~

. . .

g. *Assignments and delegations of contracts and purchase orders*. The Director of Purchasing shall establish procedures for approval of assignments and delegations of contracts and purchase orders. The Director will consult with the ~~Division of Equal Employment and Small Business Opportunity ("DEESBO")~~ Small Business Development Division ("SBDD") concerning the impact on ~~SDBE~~ goal compliance from assignment or delegation of a contract or purchase order from a ~~SDBE~~ certified prime contractor to a non-~~SDBE~~ certified prime contractor. The Director shall not approve

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

such assignment or delegation until the earlier of ~~DEESBO's~~ SBDD's response or five (5) business days after the request for ~~DEESBO~~ SBDD review.

h. *Evaluation of performance of certain vendors.* The Purchasing Director or ~~c~~Contract ~~a~~Administrator shall, for each contract above the award authority of the Purchasing Director, evaluate construction and architect/engineer performance, including achievement of ~~Minority and Women Business Enterprise (M/WBE)~~ participation goals, and report same to the Board. A report to the Board is required prior to the release of final payment for vendors who have a weighted performance evaluation of 2.59 or below on two or more contracts over a five (5) year period. Evaluation of the achievement of ~~M/WBE~~ participation goals must be done in conjunction with the Small Business Development Division.

Section 2. Section 21.23 of Chapter 21 of the Broward County Administrative Code, the "Procurement Code of Broward County," is hereby amended to read as follows:

**21.23. Vendor Performance Rating.**

The Purchasing Director is authorized to establish a vendor performance rating system for use in eliminating those vendors who fail to perform or perform unsatisfactorily in accordance with Section 21.119. Such rating system may be used for ~~V~~vendor evaluations and awarding of contracts where applicable. In the event that a vendor receives three (3) or more weighted performance evaluations of 2.59 or below over a five (5) year period, the Purchasing Director is authorized to suspend a vendor for a period of three (3) months in accordance with Section 21.119. The vendor will be suspended from participating on County contracts as either a prime vendor or

subcontractor/subconsultant. The Purchasing Director shall provide a monthly vendor performance report to the Board.

Section 3. Section 21.31 of Chapter 21 of the Broward County Administrative Code, the "Procurement Code of Broward County," is hereby amended to read as follows:

**21.31. Award.**

. . .

d. *Criteria for Breaking Ties.* If two (2) or more ranked vendors are tied and it is necessary to break the tie, the tie shall be broken and the higher ranked vendor or vendors shall be selected by the following criteria presented in order of importance and consideration as documented in the vendor's response to the solicitation:

. . .

Section 4. Section 21.84 of Chapter 21 of the Broward County Administrative Code, the "Procurement Code of Broward County," is hereby amended to read as follows:

**21.84. Selection Committee and Selection/Evaluation Composition.**

. . .

c. For each Committee on which any member of the Board of County Commissioners serves, the number of ~~c~~Committee members needed to establish a quorum shall be three (3) members. For each ~~c~~Committee on which no member of the Board of County Commissioners serves, a majority of the members of the ~~c~~Committee shall constitute a quorum, except in no event shall a quorum be less than three (3) members. Once a quorum is established, a Committee meeting may start without regard to the absence of any other Committee members. Except as provided in this

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

paragraph, any member of the Committee may attend the meeting by audio interactive telephone conference, including voting; however, no one attending the meeting by audio interactive telephone conference may be counted as establishing a quorum. Each voting member of a ~~Selection~~ Committee must be physically present and remain physically present at the RLI presentation/~~and~~ ranking meeting, the RFP evaluation meeting, and any combination meeting that includes a ranking or evaluation, unless a recess is called. Any member of ~~the~~ a ~~c~~Committee that is absent from the RLI presentation/~~and~~ ranking meeting, the RFP evaluation meeting, or any combination meeting that includes a ranking or evaluation for more than five (5) minutes is automatically removed from the ~~c~~Committee and is not allowed to vote ~~on the ranking of the vendors~~. The five-minute requirement begins when the Committee Chair announces the time and starts the meeting. The five-minute requirement ends when the meeting is adjourned. Automatic removal shall not affect the quorum for the particular meeting at which removal occurred if a quorum was present at the start of the meeting. The Chair of the Committee is responsible for notifying a removed member of his or her status.

d. A ~~Selection~~ Committee need not meet after ranking/evaluating the vendors unless there is new significant information, a significant change in the staff, subcontractors, or qualifications of the first-ranked/highest evaluated vendor, or the Committee has required the final contract to be returned for approval. When the Purchasing Negotiator identifies such information or change, the Purchasing Negotiator will present such information to the ~~Selection~~ Committee for consideration in order to ratify the ranking/evaluation or to reorder the list. If the list is reordered, all negotiations with the original first-ranked/highest evaluated vendor will immediately cease, and

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

negotiations will begin with the first-ranked/highest evaluated vendor on the reordered list.

e. After ranking by the ~~Selection~~ Committee, the Purchasing Negotiator, assisted by County staff, will attempt to negotiate a contract with the first-ranked/highest evaluated vendor. The Purchasing Negotiator shall keep the using division apprised of the negotiations and shall meet with the using division representative, as necessary, to ensure input relevant to the using division's needs and concerns. The final negotiated contract will be forwarded by the Purchasing Negotiator to the ~~Selection~~ Committee for approval, if required by the ~~c~~Committee, or to the awarding authority for approval.

. . .

Section 5. Section 21.87 of Chapter 21 of the Broward County Administrative Code, the "Procurement Code of Broward County," is hereby amended to read as follows:

**21.87. Letters of Interest.**

. . .

e. A~~n~~ RLI that receives less than three (3) responses by the submittal deadline shall have the deadline for receipt of responses extended by a maximum of up to ~~four-week increments~~ four (4) weeks as determined by the Director of Purchasing to solicit additional responses. The Director of Purchasing shall determine the extension period and all prospective vendors, including those which have responded, and the members of the Board of County Commissioners on the Selection Committee will be notified of the extension in the manner used for the original advertisement and in any other manner deemed appropriate by the Director of Purchasing. No response to said

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

RLI will be opened prior to the close of the extension period. If after the extension period has expired there remain less than three (3) responses, the using division must compile all responses and submit them to the Selection Committee for determination of responsiveness. The Purchasing Director shall provide recommendations as to the responsiveness of all responses as required by Subsection 21.83.e of this Code. For purposes of this subsection, the County's Cone of Silence Ordinance shall be applied as of the first scheduled meeting of the Selection Committee.

Section 6. Section 21.118 of Chapter 21 of the Broward County Administrative Code, the "Procurement Code of Broward County," is hereby amended to read as follows:

**21.118. Authority to Resolve Protested Solicitations and Proposed Awards.**

a. *Right to Protest.* Any actual or prospective bidder or offeror who has a substantial interest in and is aggrieved in connection with the solicitation or proposed award of a contract which is in excess of the award authority of the Director of Purchasing may protest to the Director of Purchasing. Protests arising from the decisions and votes of ~~Selection/Negotiation or~~ Selection/ <u>and</u> Evaluation Committees shall be limited to protests based upon alleged deviation(s) from established Committee procedures set forth in this Code and existing Broward County written Guidelines. Any allegations of misconduct or misrepresentation on the part of a competing vendor will not be considered a protest, but will be reviewed and, if appropriate, in the County's sole discretion, used for purposes of evaluating the responsibility or qualifications of the vendor(s).

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in <u>underscored</u> type are additions.

1. Any protest concerning the bid or other solicitation specifications or requirements must be made and received by the County within ~~seventy-two (72) hours~~ seven (7) business days from the ~~time the facts become known and, in any case, at least twenty-four (24) hours prior to the bid opening~~ posting of the solicitation or addendum on the Purchasing Division's website. Such protest must be made in writing to the Purchasing Director. Failure to timely protest bid specifications or requirements is a waiver of the ability to protest the specifications or requirements.

2. Any protest concerning a solicitation or proposed award above the award authority of the Purchasing Director, after the bid opening, shall be submitted in writing and received by the County within ~~seven (7)~~ five (5) ~~calendar~~ business days ~~after such aggrieved person having a substantial interest knows or should have known the facts giving rise thereto~~ from the posting of the recommendation of award on the Purchasing Division's website.

3. Any actual or prospective bidder or offeror who has a substantial interest in and is aggrieved in connection with the proposed award of a contract which does not exceed the amount of the award authority of the Director of Purchasing, may protest to the Director of Purchasing. The protest shall be submitted in writing and received within three (3) ~~working~~ business days from the ~~time the recommendation for award is made by a Purchasing Agent to the Director of Purchasing~~ posting of the recommendation of award on the Purchasing Division's website.

Coding: Words in ~~struck through~~ type are deletions from existing text. Words in underscored type are additions.

4. For purposes of this section, a business day is defined as Monday through Friday between 8:30 a.m. and 5:00 p.m.

5. As a condition of initiating any bid protest, the protestor shall present the Director of Purchasing with a nonrefundable filing fee payable in accordance with the schedule provided below:

| Estimated Contract Amount | Filing Fee |
|---|---|
| $ 30,000 - $250,000 | $ 500 |
| $250,001 - $500,000 | $1,000 |
| $500,001 - $5 million | $3,000 |
| Over $5 million | $5,000 |

The estimated contract amount shall be based upon the contract bid amount submitted by the protestor. If no contract bid amount was submitted, the estimated contract amount shall be the County's estimated contract price for the project, or in the case of a RLI, the filing fee shall be $2,500. The County may accept cash, money order, certified check, or cashier's check, payable to Broward County Board of County Commissioners.

6. The filing of a protest under this section shall not stop the solicitation, negotiation, or contract award process, unless it is determined by the Director of Purchasing, in consultation with the Office of the County Attorney, that it is in the best interest of the County.

. . .

~~e. *Stay of Procurements During Protests.* In the event of a timely protest under this section, the County shall not proceed further with the solicitation or with the award of this contract until a written determination is made by the Director of Purchasing and approved by the County Attorney's Office or a written determination is made that the award of the contract must be made without delay in order to protect the substantial interest of the County.~~

~~f.~~ e. All protests under this section made by the aggrieved offeror, or its duly authorized agent or attorney, shall be made by an offeror who has standing to maintain a protest under Florida case law, shall be in writing, be timely made under this Code, and briefly state the facts and arguments upon which the protest is made. Such notices, to be deemed timely, must be received by the County Purchasing Division to the attention of the Purchasing Director within the time stated. The institution and filing of a protest under this Code is an administrative remedy that should be employed prior to the institution and filing of any civil action against the County concerning the subject matter of the protest.

~~g.~~ f. Protests not timely made under this section shall be barred and shall not be heard by the Director of Purchasing or the Hearing Officer. Any basis or ground for a protest not set forth in the letter of protest required under this section shall be deemed waived.

Section 7. Section 21.119 of Chapter 21 of the Broward County Administrative Code, the "Procurement Code of Broward County," is hereby amended to read as follows:

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

**21.119. Authority To Debar or Suspend.**

a. *Authority.* After reasonable notice to the person or company involved and reasonable opportunity for that person or company to be heard, the Director of Purchasing, after consultation with the ~~County Attorney's~~ Office of the County Attorney, shall have authority to debar or suspend a person or company, whether a prime contractor/consultant or subcontractor/subconsultant, for cause from consideration for award of future contracts. The debarment shall be for a period commensurate with the seriousness of the cause(s), and shall continue for the entire time set by the Director of Purchasing. Where the offense is willful or egregious, an indefinite term of debarment may be imposed. The Director of Purchasing shall also have the authority to suspend a person or company from consideration for award of contracts if there is probable cause for debarment. If suspension precedes a debarment, the suspension period shall be considered in determining the debarment period. The Director of Purchasing may suspend the person or company for a period of not more than three (3) months. During the period of debarment or suspension, the person or company and its affiliates, or other companies with any of the ~~O~~officers or principals the same as the suspended company, may not bid on any County contracts, regardless of dollar amount, nor be approved as a subcontractor on any County contract. A decision to suspend by the Director of Purchasing shall be considered a conclusive and final act with no right of appeal.

. . .

Section 8. Section 21.120 of Chapter 21 of the Broward County Administrative Code, the "Procurement Code of Broward County," is hereby amended to read as follows:

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

**21.120. Hearing Procedure for Debarment, ~~of Persons and~~ Determinations of the Director of Purchasing, and Stay of Procurements During Appeal.**

a. *Right to Appeal.*

. . .

2. Any person who has a substantial interest in the matter and who is dissatisfied or aggrieved with the determination of responsiveness by the Selection Committee pursuant to Subsection 21.83.e of this Code must appeal said determination to the County by sending written notice to the attention of the Purchasing Director to the County Purchasing Division. Such appeal must be received by the County Purchasing Division within ten (10) calendar days of the determination by the Selection Committee to be deemed timely. The requirements of Subsections 21.118.e and 21.118.~~g~~f shall be applicable to the appeal of the Selection Committee's determination of responsiveness. Only appeals that are in writing and timely made by or on behalf of a person who has standing to maintain a protest under Florida case law, and accompanied by an appeal bond as required by Subsection 21.120.a.3 shall be entitled to a decision by a hearing officer. The written appeal shall briefly state the facts and arguments upon which the appeal is based. The institution and filing of an appeal pursuant to this Subsection 21.120.a.2 is an administrative remedy to be employed prior to the institution and filing of any civil action against the County concerning the subject matter of the appeal.

3. Any appeal of the Director's determination concerning a protested solicitation or proposed award must be accompanied by an appeal bond in

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

a form prescribed by the Director in ~~the~~ an amount ~~of $800~~ equal to one percent (1%) of the estimated contract amount as defined in Subsection 21.118.a.5 of this Code, or $2,500 for a protest resulting from a RLI, and conditioned upon payment of all costs and fees awarded the County pursuant to ~~s~~Subsection c.7 of this section. In the case of a RLI, the appeal bond shall be in the amount of $2,500. In lieu of the appeal bond, the County may accept cash, money order, certified check, or cashier's check, payable to Broward County Board of County Commissioners. ~~The Director may waive the bond requirement in instances where the Director reasonably determines that the appeal does not meet the frivolousness standard established by Section 57.105, Florida Statutes.~~ The appeal bond shall not be waived for appeals pursuant to Subsection 21.120.a.2 of this Code. The appeal bond shall remain in place until a written final determination is made by the hearing officer. Failure to post and maintain the required appeal bond shall cause the immediate dismissal of the appeal.

4. Stay of Procurements During Appeal. In the event of a timely appeal under this section, the County shall not proceed further with the solicitation or with the award of this contract until a written final determination is made by the hearing officer or a written determination is made by the Purchasing Director that the solicitation must continue or award of the contract must be made without delay in order to protect the substantial interest of the County.

. . .

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

c. *Hearing Procedure.* This procedure for any hearing required by this article shall be:

. . .

7. ~~Upon timely and proper written motion of the Petitioner or Respondent, the hearing officer shall be empowered in the exercise of sound professional discretion to award costs to the prevailing party in the protest if the hearing officer finds there was a complete absence of a justifiable issue of either fact or law raised by the institution and maintenance of the protest (or its defense). The hearing officer shall only apply Florida Statutes, Section 57.105 and case law decided under this statute in making such determination. Costs under this subsection shall include the hearing officer's fee; costs of the hearing room; the copying costs for the protests; any costs of discovery authorized in accordance with this section of the Code; postage for subpoenas or other letters or communications sent during the course of this protest; and, witness fees. No other item of costs should be considered.~~ The appeal bond required by this subsection shall be conditioned upon the forfeiture of the entire amount of the appeal bond if the hearing officer denies the appeal. If the hearing officer grants the appeal, the appeal bond shall be returned.

. . .

Section 9. SEVERABILITY.

If any portion of this Resolution is determined by any Court to be invalid, the invalid portion shall be stricken, and such striking shall not affect the validity of the remainder of this Resolution. If any Court determines that this Resolution, or any

Coding: Words in ~~struck-through~~ type are deletions from existing text. Words in underscored type are additions.

portion hereof, cannot be legally applied to any individual(s), group(s), entity(ies), property(ies), or circumstance(s), such determination shall not affect the applicability hereof to any other individual, group, entity, property, or circumstance.

Section 10. INCLUSION IN THE ADMINISTRATIVE CODE.

It is the intention of the Board of County Commissioners that the provisions of this Resolution shall become and be made a part of the Broward County Administrative Code; and that the sections of this Resolution be renumbered or re-lettered and the word "resolution" may be changed to "section," "article," or such other appropriate word or phrase in order to accomplish such intentions.

Section 11. EFFECTIVE DATE.

This Resolution shall become effective upon adoption.

ADOPTED this 28th day of April, 2009.

GMM:dp
4/28/09
Procurement Code,r01
#09-101.06

Coding: Words in ~~struck through~~ type are deletions from existing text. Words in underscored type are additions.



**SUBMIT BID TO:**

Broward County Purchasing Division
115 S. Andrews Avenue, Room 212
Fort Lauderdale, Florida 33301-1801
954-357-6065/66

BOARD OF COUNTY COMMISSIONERS
BROWARD COUNTY, FLORIDA

# INVITATION FOR BID

Bidder Acknowledgment

## — GENERAL CONDITIONS —

THESE INSTRUCTIONS ARE STANDARD FOR ALL CONTRACTS FOR COMMODITIES/SERVICES ISSUED BY THE BOARD OF COUNTY COMMISSIONERS. THE BOARD OF COUNTY COMMISSIONERS MAY DELETE, SUPERSEDE OR MODIFY ANY OF THESE STANDARD INSTRUCTIONS FOR A PARTICULAR CONTRACT BY INDICATING SUCH CHANGE IN THE SPECIAL INSTRUCTIONS TO BIDDERS OR IN THE BID SHEETS. BY ACCEPTANCE OF A PURCHASE ORDER ISSUED BY THE COUNTY, BIDDER AGREES THAT THE PROVISIONS INCLUDED WITHIN THIS INVITATION FOR BID SHALL PREVAIL OVER ANY CONFLICTING PROVISION WITHIN ANY STANDARD FORM CONTRACT OF THE BIDDER REGARDLESS OF ANY LANGUAGE IN BIDDER'S CONTRACT TO THE CONTRARY.

## BIDDER ACKNOWLEDGEMENT MUST BE SIGNED AND RETURNED WITH YOUR BID

**SEALED BIDS: This form must be executed and submitted with all bid sheets and should be in a sealed envelope.** (PLEASE INCLUDE ONE ORIGINAL SIGNED BID DOCUMENT IN BLUE INK AND ONE PHOTOCOPY OF SIGNED BID DOCUMENT PER ENVELOPE). The face of the envelope should contain the above address, the date and the time of bid opening, and bid number. Bids not submitted on attached bid may be rejected. All bids are subject to the conditions specified herein. Those which do not comply with these conditions are subject to rejection.

1. **EXECUTION OF BID:** A. Bid must contain an original signature of an individual authorized to bind the bidder. Bid must be typed or printed in ink. The ink should be blue ink. All corrections made by bidder to their bid must also be initialed. The bidder's name should also appear on each page of the bid sheet if required. B. No award will be made to a bidder who is delinquent in payment of any taxes, fees, fines, contractural debts, judgments, or any other debts due and owed to the County, or is in default on any contractual or regulatory obligation to the County. By signing and submitting this bid, bidder attests that it is not delinquent in payment of any taxes, fees, fines, contractual debts, judgments or any other debts due and owed to the County, nor is it in default on any contractual or regulatory obligation to the County. In the event the bidder's statement is discovered to be false, bidder will be subject to debarment and the County may terminate any contract it has with bidder. C. Bidder certifies by signing the bid that no principles or corporate officers of the firm were principles or corporate officers in any other firm which may have been suspended or debarred from doing business with Broward County within the last three years, unless so noted in the bid documents. D. By signing this bid, bidder attests that any and all statements, oral, written or otherwise, made in support of this bid, are accurate, true and correct. Bidder acknowledges that inaccurate, untruthful, or incorrect statements made in support of this bid may be used by the County as a basis for rejection of this bid, rescission of the award, or termination of the contract. Bidder acknowledges that the termination of the contract because of a determination of an inaccurate, untruthful, or incorrect statement made in support of this bid may also serve as the basis for debarment of bidder pursuant to Section 21-119 of the Broward County Administrative Code.
2. **BID WITHDRAWAL:** No bidder may withdraw their bid before the expiration of ninety (90) calendar days from the date of bid opening unless vendor so notes in the bid.

(Continued on Page 2)

BIDS WILL BE OPENED 2:00 p.m. **JUNE 17, 2009**
and may not be withdrawn within 90 calendar days after such date and time.

BID TITLE

**PARATRANSIT TRANSPORTATION SERVICES (NON-SHELTERED)**

BID NO. **V0696801B1**

PURCHASING AGENT NAME & TELEPHONE NUMBER
**CHRISTINE CALHOUN (954) 357-6085**

DELIVERY DATE

SEE SPECIAL INSTRUCTION

CASH DISCOUNT TERMS

BID GUARANTY IS ATTACHED, WHEN REQUIRED, IN THE AMOUNT OF $

REASON FOR NO BID

FEDERAL EMPLOYER I.D. or SOCIAL SECURITY NUMBER

DUN & BRADSTREET NUMBER

BIDDER NAME

BIDDER MAILING ADDRESS/CITY/STATE/ZIP

| AREA CODE TELEPHONE NO. | CONTACT PERSON |
|---|---|
| FAX NO. | BIDDERS E-MAIL ADDRESS |

/ /

*AUTHORIZED SIGNATURE (submit original in blue ink) DATE

PRINT NAME TITLE

*I certify that this bid is made without prior understanding, agreement, or connection with any corporation, firm or person submitting a bid for the same items/services, and is in all respects fair and without collusion or fraud. I agree to abide by all conditions of this bid and certify that I am authorized to sign this bid for the bidder. Further by signature of this form, pages 1 through 6 are acknowledged and accepted as well as any special instruction sheet(s) if applicable.

3. **BID OPENING:** Shall be public, on date, location and time specified on the bid form. The official time is the time clock located in the Purchasing Division reception area and will be accepted by all parties without reservation. It is the bidder's responsibility to assure that their bid is delivered on date, location and time specified on the bid form. Bids, which for any reason are not so delivered, will not be considered. Bid files and any bids after they are opened may be examined during normal working hours by appointment. Bid tabulations are available for inspection upon request. Bid results will be posted on the Broward County web site at: www.broward.org/purchasing/results.

4. **ADDENDA TO BID:** Broward County reserves the right to amend this Invitation For Bid prior to the Bid opening date indicated. Only written addenda will be binding. If, upon review, material errors in specifications are found, contact the Purchasing Division immediately, prior to Bid opening date, to allow for review and subsequent clarification on the part of Broward County.

5. **PRICES, TERMS & PAYMENTS:** Firm prices shall be bid and include all handling, set up, shipping and inside delivery charges to the destination shown herein unless otherwise indicated.

   (a) **The Bidder:** in submitting this bid certifies that the prices quoted herein are not higher than the prices at which the same commodity(ies) or service(s) is sold in approximately similar quantities under similar terms and conditions to any purchaser whomsoever.

   (b) **F.O.B.** — as specified in Special Instructions to bidder.

   (c) **Tie Bids:** The award on tie bids will be decided by the Director of the Purchasing Division in accordance with the provisions of the Procurement Code.

   (d) **TAXES:** Broward County is exempt from Federal Excise and Florida Sales taxes on direct purchase of tangible property. Exemption numbers appear on purchase order. The Contractor shall pay all applicable sales, consumer, land use, or other similar taxes required by law. The Contractor is responsible for reviewing the pertinent State Statutes involving the sales tax and complying with all requirements.

   (e) **DISCOUNTS:** Bidders may offer a cash discount for prompt payment. However, such discounts will not be considered in determining the lowest net cost for bid evaluation purposes. Bidders should reflect any discounts to be considered in the bid evaluation in the unit prices bid.

   (f) **MISTAKES:** Bidders are cautioned to examine all specifications, drawings, delivery instructions, unit prices, extensions and all other special conditions pertaining to the bid. Failure of the bidder to examine all pertinent documents shall not entitle them to any relief from the conditions imposed in the contract. In case of mistakes in extension, the unit price shall govern. Multiplication or addition errors are deemed clerical errors and shall be corrected by the County.

   (g) **ORDERING:** The Board of County Commissioners reserves the right to purchase commodities/services specified herein through contracts established by other governmental agencies or through separate procurement actions due to unique or special needs. If an urgent delivery is required, within a shorter period than the delivery time specified in the contract and if the seller is unable to comply therewith, the Board of County Commissioners reserves the right to obtain such delivery from others without penalty or prejudice to the County or to the seller.

6. **OPEN-END CONTRACT:** No guarantee is expressed or implied as to the total quantity of commodities/services to be purchased under any open end contract. Estimated quantities will be used for bid comparison purposes only. The Board of County Commissioners reserves the right to: issue purchase orders as and when required, or, issue a blanket purchase order for individual agencies and release partial quantities or, issue instructions for use of Direct Purchase Orders by various County agencies, or, any combination of the preceding. No delivery shall become due or be acceptable without a written order or shipping instruction by the County, unless otherwise provided in the contract. Such order will contain the quantity, time of delivery and other pertinent data. However, on items urgently required, the seller may be given telephone notice, to be confirmed by an order in writing.

7. **CONTRACT PERIOD (OPEN-END CONTRACT):** The initial contract period shall start with the expiration date of the previous contract or date of award, whichever is latest, and shall terminate one (1) year from that date. The contractor will complete delivery and the County will receive delivery on any orders mailed to the contractor prior to the date of expiration. The Purchasing Director may renew this contract for a second period subject to vendor acceptance, satisfactory performance and determination that renewal will be in the best interest of the County. Notification of Intent to Renew will be mailed sixty (60) calendar days in advance of expiration date of this contract. All prices, terms and conditions shall remain firm for the initial period of the contract and for any renewal period unless subject to price adjustment specified as a "special condition" hereto.

   ***In the event services are scheduled to end because of the expiration of this contract, the Contractor shall continue the service upon the request of the Purchasing Director. The extension period shall not extend for more than ninety (90) days beyond the expiration date of the existing contract. The Contractor shall be compensated for the service at the rate in effect when this extension clause is invoked by the County.***

8. **FIXED CONTRACT QUANTITIES:** Purchase order(s) for full quantities will be issued to successful bidder(s) after notification of award and receipt of all required documents. Fixed contract quantities up to twenty (20) percent of the originally specified quantities may be ordered prior to the expiration of one (1) year after the date of award, provided the Contractor agrees to furnish such quantities at the same prices, terms and conditions.

9. **AWARDS: If a specific basis of award is not established in the special instructions to bidders, the award shall be to the responsible bidder with the lowest responsive bid meeting the written specifications.** As the best interest of the Board of County Commissioners may require, the right is reserved to make award(s) by individual commodities/services, group of commodities/services, all or none or any combination thereof. When a group is specified, all items within the group must be bid. A bidder desiring to bid "No Charge" on an item in a group must so indicate, otherwise the bid for the group will be construed as incomplete and may be rejected. However, if bidders do not bid all items within a group, the County reserves the right to award on an item by item basis. When a group bid is indicated for variable quantities and the bid for the group shows evidence of unbalanced bid prices, such bid may be rejected. The Purchasing Director, or the Board of County Commissioners, whichever is applicable

reserves the right to waive technicalities and irregularities and to reject any or all bids.

10. **PAYMENT:** Payment will be made by the County after commodities/services have been received, accepted and properly invoiced as indicated in contract and/or order. Invoices must bear the purchase order number.

11. **DELIVERY:** Delivery time shall be computed in calendar days from the issuance date of purchase order. Although, actual requested date or number of calendar days for delivery may be specified, state number of calendar days required to make delivery and installation after issuance of purchase order or request for services in space provided. Unless otherwise stipulated in the Contract, delivery shall be made between 9:00 a.m. and 4:00 p.m., Monday through Friday, except holidays, and at other time by special arrangements. However goods required for daily consumption, or where the delivery is an emergency, a replacement, or is overdue, the convenience of the Division shall govern. If, in calculating the number of calendar days from the order date, the delivery date falls on a Saturday, Sunday or holiday, delivery shall be made not later than next succeeding business day. Delivery time may be considered in determining award.

12. **TERMINATION:**

    (a) **AVAILABILITY OF FUNDS:** If the term of this contract extends beyond a single fiscal year of the County, the continuation of this Contract beyond the end of any fiscal year shall be subject to the availability of funds from the County in accordance with Chapter 129, Florida Statutes. The Broward County Board of County Commissioners shall be the final authority as to availability of funds and how such available funds are to be allotted and expended. In the event funds for this project/purchase are not made available or otherwise allocated Broward County may terminate this contract upon thirty (30) days prior written notice to the contractor.

    (b) **NON PERFORMANCE:** The Contract may be terminated for cause by the Awarding Authority for the County or by Bidder if the party in breach has not corrected the breach within ten (10) days after written notice from the aggrieved party identifying the breach. Cause for termination shall include, but not be limited to, failure to suitably perform the work, failure to suitably deliver goods in accordance with the specifications and instructions in this Bid, failure to continuously perform the work in a manner calculated to meet or accomplish the objectives of the County as set forth in this Bid, or multiple breach of the provisions of this Bid notwithstanding whether any such breach was previously waived or cured.

    (c) **TERMINATION FOR CONVENIENCE:** The Awarding Authority may terminate the Contract for convenience upon no less than thirty (30) days written notice. In the event the Contract is terminated for convenience, Bidder shall be paid for any goods properly delivered and services properly performed to the date the Contract is terminated; however, upon being notified of County's election to terminate, Bidder shall cease any deliveries, shipment or carriage of goods, and refrain from performing further services or incurring additional expenses under the terms of the Contract. In no event will payment be made for lost or future profits. Bidder acknowledges and agrees that ten dollars ($10.00) of the compensation to be paid by County, the adequacy of which is hereby acknowledged by Bidder, is given as specific consideration to Bidder for the County's right to terminate this Contract.

13. **CONDITIONS AND PACKAGING:** Unless otherwise stated in the special instructions to bidders or the bid sheets, or specifically ordered from an accepted price list, deliveries must consist only of new and unused goods and shall be the current standards production model available at the time of the bid. The goods must be suitably packaged for shipment by common carrier. Each container or multiple units or items otherwise packaged shall bear a label, imprint, stencil or other legible markings stating name of manufacturer or supplier, purchase order number and any other markings required by specifications, or other acceptable means of identifying vendor and purchase order number.

14. **SAFETY STANDARDS:** Unless otherwise stipulated in the bid, all manufactured items and fabricated assemblies shall comply with applicable requirements of Occupational Safety and Health Act and any standards thereunder. In compliance with Chapter 442, Florida Statutes, any toxic substance listed in Section 38F-41.03 of the Florida Administrative Code delivered from a contract resulting from this bid must be accompanied by a Material Safety Data Sheet (MSDS). A Material Safety Data Sheet (MSDS) should also be submitted to the Broward County Risk Management Division, 115 South Andrews Avenue, Room 210, Fort Lauderdale, Florida 33301-1803. The MSDS must include the following information.

    (a) The chemical name and the common name of the toxic substance.

    (b) The hazards or other risks in the use of the toxic substance, including:

        1. The potential for fire, explosion, corrosivity, and reactivity;

        2. The known acute and chronic health effects of risks from exposure, including the medical conditions which are generally recognized as being aggravated by exposure to the toxic substance; and

        3. The primary routes of entry and symptoms of overexposure.

    (c) The proper precautions, handling practices, necessary personal protective equipment, and other safety precautions in the use of or exposure to the toxic substances, including appropriate emergency treatment in case of overexposure.

    (d) The emergency procedure for spills, fire, disposal, and first aid.

    (e) A description in lay terms of the known specific potential health risks posed by the toxic substance intended to alert any person reading this information.

    (f) The year and month, if available, that the information was compiled and the name, address, and emergency telephone number of the manufacturer responsible for preparing the information.

15. **MANUFACTURERS** NAME AND APPROVED EQUIVALENTS: Manufacturer's names, trade names, brand names, information and/or catalog numbers listed in a specification are for information and establishment of quality level desired and are not intended to limit competition unless otherwise specified in the bid. The bidder may offer any brand which meets or exceeds the specifications for any item(s). If bids are based on equivalent products, indicate on the bid form the manufacturer's name and catalog number. Bidder shall submit with the bid complete descriptive literature and/or specifications. The bidder should also explain in detail the reason(s) why and submit proof that the proposed equivalent

will meet the specifications and not be considered an exception thereto. Broward County Board of County Commissioners reserves the right to be the sole judge of what is equal and acceptable. Bids which do not comply with these requirements are subject to rejection. If Bidder fails to name a substitute it will be assumed that the bidder will furnish goods identical to bid standard.

16. **INTERPRETATIONS:** Any questions concerning conditions and specifications of this bid shall be directed in writing to the Purchasing Division a minimum of 24 hours prior to bid opening. No interpretation(s) shall be considered binding unless provided to all Bidders in writing by the Purchasing Director.

17. **NON-CONFORMANCE TO CONTRACT CONDITIONS:** The County may withhold acceptance of, or reject any items which are found, upon examination, not to meet the specification requirements. Upon written notification of rejection, items shall be removed within five (5) calendar days by the Vendor at their expense and redelivered at their expense. Rejected goods left longer than thirty (30) days will be regarded as abandoned and the Board shall have the right to dispose of them as its own property. On foodstuffs and drugs, no written notice or rejection need be given. Upon verbal notice to do so, the Vendor shall immediately remove and replace such rejected merchandise at their expense. Rejection for non-conformance, failure to provide services conforming to specifications, or failure to meet delivery schedules may result in contractor being found in default.

18. **INSPECTION, ACCEPTANCE AND TITLE:** Inspection and acceptance will be at destination. Title and risk of loss or damage to all items shall be the responsibility of the contractor until accepted by the County.

19. **GOVERNMENTAL RESTRICTIONS:** In the event any governmental restrictions may be imposed which would necessitate alteration of the material quality, workmanship or performance of the items offered on this bid prior to their delivery, it shall be the responsibility of the successful bidder to notify the County at once, indicating in their letter the specific regulation which required an alteration. The Board of County Commissioners reserves the right to accept any such alteration, including any price adjustments occasioned thereby, or to cancel the contract at no further expense to the County.

20. **LEGAL REQUIREMENTS:** Applicable provisions of all Federal, State of Florida, County and local laws, and of all ordinances, rules and regulations including the Procurement Code of Broward County shall govern development, submittal and evaluation of bids received in response hereto and shall govern any and all claims and disputes which may arise between person(s) submitting a bid in response hereto and Broward County by and through its officers, employees and authorized representative, or any other person natural or otherwise. Lack of knowledge by any bidder shall not constitute a recognizable defense against the legal effect thereof.

21. **INDEMNIFICATION:** Bidder shall at all times hereafter indemnify, hold harmless and, at County Attorney's option, defend or pay for an attorney selected by County Attorney to defend County, its officers, agents, servants, and employees against any and all claims, losses, liabilities, and expenditures of any kind, including attorney fees, court costs, and expenses, caused by negligent act or omission of Bidder, its employees, agents, servants, or officers, or accruing, resulting from, or related to the subject matter of this Contract including, without limitation, any and all claims, demands, or causes of action of any nature whatsoever resulting from injuries or damages sustained by any person or property. The provisions of this section shall survive the expiration or earlier termination of this Contract. To the extent considered necessary by the Purchasing Director and the County Attorney, any sums due Bidder under this Contract may be retained by County until all of County's claims for indemnification pursuant to this Contract have been settled or otherwise resolved; and any amount withheld shall not be subject to payment of interest by the County.

22. **NOTICE:** Written notice provided pursuant to this Contract shall be sent by certified United States Mail, postage prepaid, return receipt requested, or by hand-delivery with a request for a written receipt of acknowledgment of delivery, addressed to the party for whom it is intended at the place last specified. The place for giving notice shall remain the same as set forth herein until changed in writing in the manner provided in this section. For the present, the County designates:

    Director, Broward County Purchasing Division
    115 S. Andrews Avenue, Room 212
    Fort Lauderdale, FL 33301-1801

    Bidder shall identify in the Bid a designated person and address to whom notice shall be sent when required by the Contract.

23. **JURISDICTION, VENUE, WAIVER OF JURY TRIAL:** The Contract shall be interpreted and construed in accordance with and governed by the laws of the state of Florida. Any controversies or legal problems arising out of the Contract and any action involving the enforcement or interpretation of any rights hereunder shall be submitted to the jurisdiction of the State courts of the Seventeenth Judicial Circuit of Broward County, Florida, the venue situs, and shall be governed by the laws of the state of Florida. By entering into this Contract, Bidder and County hereby expressly waive any rights either party may have to a trial by jury of any civil litigation related to this Contract.

24. **PATENTS AND ROYALTIES:** The bidder, without exception, shall indemnify and save harmless and defend the County, its officers, agents and employees from liability of any nature or kind, including but not limited to attorney's fees, costs and expenses for or on account of any copyrighted, patented or unpatented invention, process, or article manufactured or used in the performance of the contract, including its use by the County. If the bidder uses any design, device, or materials covered by letters, patent or copyright, it is mutually agreed and understood without exception that the bid prices shall include all royalties or cost arising from the use of such design, device, or materials in any way involved in the work. This provision shall survive the expiration or earlier termination of the contract.

25. **ASSIGNMENT, SUBCONTRACT:** Contractor shall not transfer, convey, pledge, subcontract or assign the performance required by this bid without the prior written consent of the Purchasing Director. Any Award issued pursuant to this bid invitation and the monies which may become due hereunder are not assignable, transferrable, or otherwise disposable except with the prior written consent of the Purchasing Director.

26. **QUALIFICATIONS OF BIDDER:** Bids will be considered only from firms normally engaged in providing the types of commodities/services specified herein. The Purchasing Director or the Board of County Commissioners, reserves the right to inspect the facilities, equipment, personnel and organization or to take any other action necessary to determine ability to perform in accordance with specifications, terms and

conditions. The Purchasing Director or the Board of County Commissioners will determine whether the evidence of ability to perform is satisfactory and reserves the right to reject bids where evidence or evaluation is determined to indicate inability to perform. The Purchasing Director or the Board of County Commissioners reserves the right to consider a bidder's history of citations and/or violations of Environmental regulations in determining responsibility. Bidder should submit with his proposal a complete history of all citations and/or violations notices and dispositions thereof. Failure of a Bidder to submit such information may be grounds for termination of any contract awarded to successful Bidder. Bidder shall notify the County immediately of notice of any citations or violations which they may receive after the Bid or Proposal opening date and during the time of performance under any Contract awarded to them.

27. **EQUAL EMPLOYMENT OPPORTUNITY:** No Contractor shall discriminate against any employee or applicant for employment because of race, religion, age, color, sex or national origin, sexual orientation, marital status, political affiliation, disability, or physical or mental handicap if qualified. Contractor shall take affirmative action to ensure that applicants are employed, and that employees are treated during their employment without regard to their race, religion, age, color, sex or national origin, sexual orientation, marital status, political affiliation, disability, or physical or mental handicap. Such actions shall include, but not be limited to the following: employment, upgrading, demotion, or transfer, recruitment or recruitment advertising, layoff or termination, rates of pay or other forms of compensation; and selection of training, including apprenticeship. The Contractor agrees to post in conspicuous places available to employees and applicants for employment, notices setting forth the provisions of this non-discrimination clause.

    The contractor selected to perform work on a County project must include the foregoing or similar language in its contracts with any subcontractors or sub consultants, except that any project assisted by U.S. Department of Transportation funds shall comply with the non-discrimination requirements in Title 49 C.F.R. Parts 23 and 26, as amended. The Subcontractors, if any, will be made aware of and will comply with this nondiscrimination clause. Failure to comply with above requirements is a material breach of the contract, and may result in the termination of this contract or such other remedy as the County deems appropriate.

28. **MODIFICATIONS:** All changes to purchase orders shall be by issuance of a change order. Any modifications or changes to any contract entered into as a result of this bid must be by written amendment with the same formality and of equal dignity prior to the initiation of any such change.

29. **RESOLUTION OF PROTESTED SOLICITATIONS AND PROPOSED AWARDS:** In accordance with the Broward County Procurement Code Sec. 21.118, relative to "Pre-Litigation Protested Solicitations and Proposed Awards":

    a. Right to Protest. Any actual or prospective bidder or offeror who is aggrieved in connection with the solicitation or proposed award of a contract may protest to the Director of Purchasing. Any protest concerning the bid specifications or requirements must be made within seventy-two (72) hours from the time the facts become known and, in any case, at least twenty-four (24) hours prior to the bid opening. Such protest must be made in writing to the Purchasing Director. Failure to timely protest bid specifications or requirements is a waiver of the ability to protest the specifications or requirements.

    b. Any protest from a bidder or offerer with a substantial interest in connection with the solicitation or proposed award of a contract which is within the Purchasing Director's award authority shall be submitted in writing within three working days from the time the recommendation for award is made by a Purchasing Agent to the Purchasing Director.

    c. Any protest of a solicitation or proposed award which is in excess of the Purchasing Director's award authority after the bid opening, shall be submitted in writing within seven (7) calendar days after such aggrieved person having a substantial interest should have known the facts giving rise thereto.

30. **PUBLIC ENTITY CRIMES ACT:** Bidder represents that its response to this invitation for bid will not violate the Public Entity Crimes Act, Section 287.133, Florida Statutes, which essentially provides that a person or affiliate who is a contractor, consultant or other provider who has been placed on the convicted vendor list following a conviction of a Public Entity Crime may not submit a bid on a contract to provide any goods or services to the County, may not submit a bid on a contract with the County for the construction or repair of a public building or public work, may not submit bids on leases of real property to the County, may not be awarded or perform work as a contractor, supplier, subcontractor, or consultant under a contract with the County, and may not transact any business with the County in excess of the threshold amount provided in Section 287.017, Florida Statutes, for category two purchases for a period of 36 months from the date of being placed on the convicted vendor list. Bidder represents that its response to this Invitation For Bid is not a violation of Section 287.134, Florida Statues, which essentially states that the County, as a public entity, cannot do business with an entity that is on the "discriminatory vendor list" i.e., has been found by a court to have discriminated as defined therein. Violation of this section shall result in cancellation of the County purchase and may result in debarment.

31. **RECYCLED CONTENT INFORMATION:** In support of the Florida Waste Management Law, bidders are encouraged to supply with their bid, any information available regarding recycled material content in the products bid. The County is particularly interested in the type of recycled material used (such as paper, plastic, glass, metal, etc.); and the percentage of recycled material contained in the product. The County also requests information regarding any known or potential material content in the product that may be extracted and recycled after the product has served its intended purpose.

32. **PURCHASE BY OTHER GOVERNMENTAL AGENCIES:** Each Governmental unit which avails itself of this contract will establish its own contract, place its own orders, issue its own purchase orders, be invoiced therefrom and make its own payments and issue its own exemption certificates as required by the bidder.

    It is understood and agreed that Broward County is not a legally bound party to any contractual agreement made between any other governmental unit and the bidder as a result of this bid.

33. **PUBLIC RECORDS:** Any material submitted in response to this Invitation For Bid will become a public document pursuant to Section 119.071, F.S. This includes material which the responding bidder might consider to be confidential or a trade secret. Any claim of confidentially is waived upon submission,

effective after opening pursuant to Section 119.071, F.S.

34. **AUDIT RIGHT AND RETENTION OF RECORDS:** County shall have the right to audit the books, records, and accounts of contractor that are related to this project. Contractor shall keep such books, records, and accounts as may be necessary in order to record complete and correct entries to the project.

Contractor shall preserve and make available, at reasonable times for examination and audit by County, all financial records, supporting documents, statistical records, and any other documents pertinent to this agreement for the required retention period of the Florida Public Records Act (Chapter 119, Fla. Stat.), if applicable, or if the Florida Public Records Act is not applicable, for a minimum period of three (3) years after termination of this Agreement. If any audit has been initiated and audit findings have not been resolved at the end of the retention period or (3) years, whichever is longer, the books, records and accounts shall be retained until resolution of the audit findings. If the Florida Public Records Act is determined by County to be applicable to contractor's records, contractor shall comply with all requirements thereof; however, no confidentiality or nondisclosure requirement of either federal or state law shall be violated by contractor. Any incomplete or incorrect entry in such books, records, and accounts shall be a basis for County's disallowance and recovery of any payment upon such entry.

The entire chapter of the Broward County Procurement Code describing the aforementioned subject matter can be obtained from the Purchasing Division's Secretary by calling 954-357-6071. You may also view and/or download the Procurement Code, Notices for Bids, Requests for Quotation, Request for Letters of Interest, structure of the Purchasing Division, telephone directory, How to do Business with Broward County and Vendor Registration on the internet at:

www.broward.org/purchasing



PURCHASING DIVISION

BOARD OF COUNTY COMMISSIONERS
BROWARD COUNTY, FLORIDA

## SPECIAL INSTRUCTIONS TO BIDDERS (IN ADDITION TO GENERAL CONDITIONS)

## PARATRANSIT TRANSPORTATION SERVICE
## NON-SHELTERED MARKET

**SUBMISSION OF SEALED BIDS: The Invitation for Bid form must be executed and submitted with all bid sheets and should be in a sealed envelope. The original should be signed in blue ink. Both the original bid and one (1) photocopy of your bid should be included in a single envelope. The Bidder is responsible for retaining a copy of all submittals for their own records. The face of the envelope should contain the company name, address, date and time of bid opening, bid number and bid title. Bids not submitted on bid sheets may be rejected. Bidder should not submit bids on their own form or any other form other than Broward County Bid Sheet. All bids are subject to the conditions specified herein. Bids which do not comply with these conditions are subject to rejection.**

1. **SCOPE:**

Bids are hereby invited on a fixed-term basis for Paratransit Transportation Services for the Broward County Transportation Department and various other Broward County agencies that may have need of these services and products. The initial contract period shall start upon issuance of Notice to Proceed or October 1, 2009, whichever is later and shall terminate five (5) years from that date.

All prices, terms and conditions shall remain fixed for an initial one-year period of the contract. Following the first one-year period, price increases may be accepted by the Director of Purchasing in accordance with the procedure described in Section 24, Price Adjustment Clauses.

No guarantee is expressed or implied as to the total quantity of commodities/services to be purchased under any fixed-term contract. Estimated quantities will be used for bid comparison purposes only. The Board of County Commissioners reserves the right to: issue purchase orders as and when required, or, issue a blanket purchase order for individual agencies and release partial quantities or, issue instructions for use of Direct Purchase Orders by various County agencies, make random, open market purchases for any or all of the item(s) on any open end contract or, any combination of the preceding. No delivery shall become due or be acceptable without a written order by the County, unless otherwise provided for in the contract. Such order will contain the quantity, time of delivery and other pertinent data. However, on items urgently required, the seller may be given telephone notice, to be confirmed by an order in writing.

2. **SPECIFICATONS AND REQUIREMENTS:**

The specifications, requirements and services to be provided are stated in Attachment "A" attached hereto and made a part hereof.

3. **CONTINGENCY FEES:**

By submission of this offer, contractor certifies that no contingency fees (sometimes known as a finder's

fee) has been paid to any person or organization other than a bona-fide employee working solely for the vendor to secure a contract made pursuant to this solicitation. Violation of this policy may result in termination of any resultant contract and/or possible debarment of the contractor.

4. **FURTHER INFORMATION:**
Bidders requiring additional information regarding any of the bid terms, conditions or administrative requirements should contact Christine Calhoun, Purchasing Agent at (954) 357-6085 or ccalhoun@broward.org .

Bidders requiring technical clarifications should contact Andrea Busada by Phone at (954) 357-8329; Fax (954) 357-8345 or E-Mail abusada@broward.org. No change(s) and no interpretation(s) shall be considered binding unless provided to all bidders in writing by the Director of the Purchasing Division.

5. **PORT EVERGLADES SECURITY REQUIREMENTS:** (Not applicable to this bid)

6. **SPECIAL NOTICE: In accordance with OSHA Regulation 29 CFR 1926.1101(k) (2), bidders are notified of the presence of asbestos containing material and/or presumed asbestos containing material at some Broward County locations. For a listing of those locations, refer to www.broward.org/purchasing/bids/asbestos.pdf. You may request a copy of subject location listing by calling (954) 357-6066.**

7. **SITE VISIT AND/OR PRE-BID CONFERENCE:**
Attendance at the pre-bid conference is optional. This information session presents an opportunity for bidders to clarify any concerns regarding the bid requirements. The bidder is cautioned that, although the Pre-Bid Conference is optional, no modification or any changes will be allowed in the pricing because of the failure of the bidder(s) to have visited the site or to have attended the conference.

**Although attendance at pre-bid conference is optional, attendance is strongly recommended; submission of a bid will be construed that the bidder is acquainted sufficiently with the work to be performed.**

**Pre-Bid Conference**

| | |
|---|---|
| **Date:** | **Wednesday, June 10, 2009** |
| **Time:** | **11:30 a.m.** |
| **Location:** | **Broward County Government Center<br>115 South Andrews Avenue, Conference Room 302<br>Fort Lauderdale, FL 33301** |

**If you require any auxiliary aids for communication, please call 357-6065 so that arrangements can be made in advance.**

8. **DELIVERY AND ACCEPTANCE:** (Not applicable to this bid)

9. **SAMPLES, PRODUCT LITERATURE AND DESCRIPTIVE CATALOGUES:** (Not applicable to this bid)

10. **INSURANCE REQUIREMENTS: (SAMPLE INSURANCE CERTIFICATE ATTACHED)(Attachment " B")**
Insurance Requirements shall be as set forth in Article 16 of the Service Agreement (Attachment "A").

11. **WARRANTY:** (Not applicable to this bid)

12. **LOCAL BUSINESS TAX RECEIPT REQUIREMENTS: (formerly known as OCCUPATIONAL LICENSE TAX)** All vendors maintaining a business address within Broward County must have and provide a copy of a current Broward County Local Business Tax Receipt prior to contract award. The Contractor should provide a copy of its Local Business Tax Receipt within five (5) business days after request by the Purchasing Agent but prior to award by the Director of Purchasing or recommendation of award to the Board of County Commissioners, whichever is applicable. Failure to do so may result in your bid being deemed non-responsive. For further information on obtaining or renewing your firm's Local Business Tax Receipt, contact the Revenue Collection Division, Local Business Tax Section at (954) 831-4000.

13. **CONTRACTOR RESPONSIBILITIES:**

13.1 The CONTRACTOR will be responsible for the provision, installation and performance of all equipment, materials, services, etc. offered in their Bid. The CONTRACTOR is in no way relieved of the responsibility for the performance of all equipment furnished, or of assuring the timely delivery of services, materials, equipment, etc. even though it is not of his own manufacture. The CONTRACTOR shall be required to perform the services pursuant to all terms, conditions, and obligations set forth in the Agreement for Paratransit Services "Service Agreement".

13.2 CONTRACTOR shall perform the Work with its own organization, amounting to not less than 100 percent of the Contract Price.

14. **NONDISCRIMINATION, EQUAL EMPLOYMENT OPPORTUNITY, AND AMERICANS WITH DISABILITIES ACT:**

CONTRACTOR shall not unlawfully discriminate against any person in its operations and activities or in its use or expenditure of funds in fulfilling its obligations under this Agreement. CONTRACTOR shall affirmatively comply with all applicable provisions of the Americans with Disabilities Act (ADA) in the course of providing any services funded by COUNTY, including Titles I and II of the ADA (regarding nondiscrimination on the basis of disability), and all applicable regulations, guidelines, and standards. In addition, CONTRACTOR shall take affirmative steps to ensure nondiscrimination in employment against disabled persons.

CONTRACTOR decisions regarding the delivery of services under this Agreement shall be made without regard to or consideration of race, age, religion, color, gender, sexual orientation (Broward County Code, Chapter 162) in performing any services pursuant to this Agreement.

15. **LIVING WAGE ORDINANCE:** ***(Vendor Questionnaire - Item No. 10 applies)***

Bidders are advised that the provisions of the **Broward County Ordinance 2008-45, as amended ("Living Wage Ordinance")** will apply to this contract, if the open-end contract award value exceeds $100,000 per year or the individual project value exceeds $100,000 under a fixed term contract. In accordance with the Living Wage Ordinance, the bidder agrees to pay the minimum hourly wage rates to employees covered by the Living Wage Ordinance, as adjusted. **There will be no increase in contract prices paid by Broward County to the Bidder due to any increase in wages required to be paid to employees covered by the Living Wage Ordinance.** Explanation of Living Wage contract requirements is included in Attachment "C". The Living Wage Ordinance Compliance Affidavit, Exhibit 1, included in Attachment "C", should be furnished within five (5) business days after request by the Purchasing Agent but must be submitted prior to award by the Director of Purchasing or recommendation for award to the Board of County Commissioners.

16. **CONE OF SILENCE ORDINANCE:**

16.1 At the time of Bid opening in this solicitation process, a Cone of Silence will be imposed. Section 1-266, Broward County Code of Ordinances, provides that after Bid opening, potential

vendors and their representatives are substantially restricted from communicating regarding this Bid with any county commissioner or commissioner's staff, the county administrator, deputy and assistants to the county administrator and their respective support staff, or any person appointed by the county commission to evaluate or recommend selection in this Bid process. Communication with the Contact Person (designated in the solicitation) for purposes of providing clarification and information necessary to complete the processing of an award or to make a public record request are exceptions to the Cone of Silence requirements. After the application of the Cone of Silence, inquiries regarding this solicitation should be directed to the Director of Purchasing or designee.

16.2 This County's Ordinance prohibits certain communications among vendors, county staff, and selection committee members. Any violations of this ordinance by any members of the responding firm or its joint venturers may be reported to the County's Office of Professional Standards.

16.3 The Cone of Silence terminates when the County Commission or other awarding authority takes action which ends the solicitation.

17. **SUPPLEMENT TO PURCHASE ORDER (*Federal Funding*):** *(ONLY FOR OFFICE OF TRANSPORTATION BIDS)* (Not applicable to this bid)

18. **SHELTERED MARKET PROGRAM:** (Not applicable to this bid)

19. **COMMUNITY DISADVANTAGED BUSINESS ENTERPRISE (CDBE):** (Not applicable to this bid)

20. **BID/PROPOSAL GUARANTY:** (Not applicable to this bid)

21. **PERFORMANCE AND PAYMENT GUARANTY:** (Not applicable to this bid)

22. **QUALIFICATIONS OF SURETY:** (Not applicable to this bid)

23. **MULTIPLE AWARDS:**
Broward County will award total Program Trip percentages based on the bids that will result in the lowest overall cost of the total program for Broward County. Awards will be made to responsive and responsible bidders.

24. **PRICE ADJUSTMENT CLAUSES:**

24.1 **Price Escalation Caused by increased Costs**
Commencing with the second contract year, and upon the commencement of each contract year thereafter, the contractor may make application for price adjustment(s) to the contract if the Producer Price Index (PPI) as described below increases 3% or more during this period of the contract. Requested increases to reimbursement rates then in effect to be adjusted by the same percentage increase or decrease, if any, in the Producer Price Index ("PPI") for the preceding twelve (12) month period ending December 31; provided, however, no PPI increase or decrease shall exceed three percent (3%) of the prior contract year's reimbursement rates. "PPI" shall mean the Producer Price Index, calculated by the United States Department of Commerce.

Application must be in writing addressed to the County Director of Purchasing, and received thirty (30) days prior to the effective date of the proposed change.

The percentage change requested in price adjustments shall not be more than the percentage change in the Total Producer Price Index; U.S. Bureau of Labor Statistics; FUELS AND RELATED PRODUCTS AND POWER - WPU05; that occurred between the newest P.P.I. Index publication available at time of request and the preceding six (6) month period.  Vendor may use either the 1967 index or the 1982-84 index.  However, the same index must be used to determine the percent change.

The requested percentage increase in trip reimbursement rate must not exceed the percentage increase of the index and will be limited to a maximum of 3%.

Written notification will be sent to the Contractor by the Director of Purchasing of the decision to accept or not accept the price increase.  In the event of non-acceptance of such revision, the contract will be deemed terminated as of the close of business the day prior to the effective date of change as stated in the Contractor's submission.

The Contractor will complete delivery and the County will receive delivery on any orders mailed to the Contractor prior to the termination date even if no increase is granted by the Director of Purchasing.  Failure to complete delivery could cause the Contractor to be debarred from doing business with the County according to the Broward County Procurement Code Section 21.119, Authority to Debar or Suspend.

If during the period described above, the total PPI decreases 3% or more, the vendor is required to extend to the County a price decrease equal in percentage to the percentage decrease of the index.  If the vendor does not notify the Division, the Director of Purchasing may request a reduction in price from the vendor.   If the vendor does not agree to the decrease, the Director of Purchasing must be notified no later than thirty (30) days prior to the effective date of the proposed change.   If the contractor fails to notify the Director of Purchasing of the non-acceptance within the time frame, it shall be construed to mean the contractor concurs with the change and the new prices will take effect.  In the event of non-acceptance by the vendor of such revision, the contract will be deemed terminated as of the close of the business day prior to the proposed effective date of change.

25.  **PREFERENCES:**
No contractor shall receive more than one county-authorized preference for the same procurement.  If a contractor is eligible for more than one County-authorized bid preference for a particular procurement, the contractor shall be eligible to receive only the bid preference that is most favorable to the contractor.

25.1  **DOMESTIC PARTNER CLAUSE: (Attachment "D")**
**Preference for county contractors providing for nondiscrimination of benefits for domestic partners.** (Reference Ordinance No. 1999-18, as amended)
In accordance with Broward County Code, Chapter 16 2, section 16 2-157 and the Broward County Administrative Code, Subsections 21.31.a.,6.,7.,8., the Broward County Board of County Commissioners reserves the right to apply a preference in the award of a contract to those Contractors providing for nondiscrimination of benefits for domestic partners.  This preference may be applied to all awards of $250,000 per annum or more.  The determination to apply this preference shall be made by the Board of County Commissioners.

To be eligible for the domestic partnership preference, a contractor=s program eligibility criteria must be substantially equivalent to those established in Section 16 2-153 (b), Broward County

Code. A contractor will be deemed ineligible for the domestic partnership preference if its benefits program discriminates against employees in violation of the Broward County Human Rights Act.

25.2 **LOCAL PREFERENCE CLAUSE:**

In accordance with Broward County Ordinance No. 2004-29, the Broward County Board of County Commissioners provides a local preference. This preference includes any county with which the Broward County Board of County Commissioners has entered into an inter-local agreement of reciprocity. Except where otherwise provided by federal or state law or other funding source restrictions, an apparent low bidder outside the preference area and a local bidder whose submittal is within 10% of the apparent low bid will be given the opportunity to submit a best and final offer. Award will then be to the low responsive, responsible bid.

Local business means the vendor has a valid occupational license issued by the county within which the vendor conducts their business at least one year prior to bid or proposal opening, that authorizes the business to provide the goods, services or construction to be purchased and a physical address located within the limits of said county, in an area zoned for the conduct of such business, from which the vendor operates or performs business on a day-to-day basis that is a substantial component of the goods or services being offered. Post Office Boxes are not verifiable and shall not be used for the purpose of establishing a physical address.

25.3 **RECYCLE PREFERENCE:** (Not applicable to this bid)

26. **DRUG-FREE WORKPLACE CERTIFICATION:**

Broward County Procurement Code Chapter 21.31.a. requires awards of competitive sealed bids and sealed proposals requiring Board Award be made only to firms certifying the establishment of a drug free workplace. The Drug Free Workplace Certification (Attachment "E") should be furnished within five (5) business days after request by the Purchasing Agent but prior to recommendation of award to the Board of County Commissioners. Failure to provide this certification will render your office unqualified and ineligible for award.

27. **BATTERY DISPOSAL:** (Not applicable to this bid)

28. **NON-COLLUSION STATEMENT:**
By signing this offer, the vendor certifies that this offer is made independently and free from collusion. Vendor shall disclose below, to their best knowledge, any Broward County officer or employee, or any relative of any such officer or employee as defined in Section 112.3135 (1) (c), Fla. Stat. (1989), who is an officer or director of, or has a material interest in, the vendor's business, who is in a position to influence this procurement. Any Broward County officer or employee who has any input into the writing of specifications or requirements, solicitation of offers, decision to award, evaluation of offers, or any other activity pertinent to this procurement is presumed, for purposes hereof, to be in a position to influence this procurement. For purposes hereof, a person has a material interest if they directly or indirectly own more than 5 percent of the total assets or capital stock of any business entity, or if they otherwise stand to personally gain if the contract is awarded to this vendor.

**Failure of a vendor to disclose any relationship described herein shall be reason for debarment in accordance with the provisions of the Broward County Procurement Code.**

| NAME | RELATIONSHIPS |
| --- | --- |
| ______________________ | ______________________ |
| | ______________________ |
| | ______________________ |
| ______________________ | ______________________ |
| | ______________________ |
| | ______________________ |

**In the event the vendor does not indicate any names, the County shall interpret this to mean that the vendor has indicated that no such relationships exist.**